UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR SANCHEZ ALCANTAR, CDCR #F-25691,<br><br>Plaintiff,<br><br>vs.<br><br>MADDEN; MRS. PAYS; MR. MIRANDA,<br><br>Defendants. | Case No.: 23-cv-0036-GPC AGS<br><br>**ORDER GRANTING MOTION TO DISMISS PURSUANT TO Fed. R. Civ. P. 41(a)**<br><br>**[ECF No. 18]** |

On September 27, 2022, Plaintiff Victor Sanchez Alcantar, a state prisoner incarcerated at the California State Prison, Sacramento ("CAL-SAC"), proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 (ECF No. 1), together with a Motion to Proceed In Forma Pauperis ("IFP") (ECF No. 2) in the Central District of California.

On January 5, 2023, Magistrate Judge Shashi H. Kewalramani determined that the events giving rise to the claims in Plaintiff's Complaint took place at the Richard J. Donovan Correctional Facility ("RJD") and transferred the matter to this Court. (ECF No. 15). However, before this Court could conduct the required *sua sponte* screening pursuant to 28 U.S.C. Sections 1915(e)(2) and 1915A, Plaintiff filed a "Motion to Dismiss." (ECF

No. 18.)

## I. Motion to Withdraw and Dismiss

Plaintiff has "an absolute right to voluntarily dismiss his action prior to" defendants being served, filing an answer or seeking summary judgment, and "[t]he filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. Such a dismissal leaves the parties as though no action had been brought." *American Soccer Co., Inc. v. Score First Enterprises*, 187 F.3d 1108, 1110 (9th Cir. 1999), quoting *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997).

Plaintiff indicates that he filed this action in error as he had previously filed an action in this Court based on the same set of facts. This previously filed matter is *Sanchez v. Payes*, S.D. Cal. Civil Case No. 3:22-cv-02067-RBM-LR ("Sanchez I") and it was filed on December 27, 2022.[1] It appears that Plaintiff understood that he had initially filed this action in the wrong district and was attempting to rectify this problem by filing Sanchez I. However, after he filed Sanchez I, the Central District transferred this matter ("Sanchez II") to this Court. Thus, it appears that Plaintiff did not intend to file duplicative actions in this Court and the Court will GRANT Plaintiff's Motion and DISMISS this action without prejudice to Plaintiff pursuing Sanchez I.

However, the Court also notes that Plaintiff has added two Defendants in this matter that he did not previously name in Sanchez I. Therefore, the Court notes that Plaintiff has the right to amend his pleading once as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1). If Plaintiff chooses to amend his pleading in Sanchez I, he must clearly identify S.D. Cal. Civil Case No. 3:22-cv-02067-RBM-LR on the civil rights complaint form and label it as a "First Amended Complaint." In addition, he is cautioned that an

---

[1] A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

amended complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

Thus, because Plaintiff has notified the Court that he does not wish to prosecute his case at this time, because no party has yet to be served with any valid pleading, and because no answer or motion for summary judgment has yet to be filed, voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) is appropriate. *See Hamilton v. Shearson-Lehman Am. Exp., Inc.*, 813 F.2d 1532, 1534-35 (9th Cir. 1987) ("As the rule states, no action by the court is required for dismissal by notice under Rule 41(a)(1)(i).

**II.    Conclusion and Order**

For the reasons explained, Plaintiff's Motion to Dismiss (ECF No. 18), liberally construed as a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a), is **GRANTED**. This dismissal is without prejudice to Plaintiff pursuing his claims in *Sanchez v. Payes*, S.D. Cal. Civil Case No. 3:22-cv-02067-RBM-LR and will not constitute a "strike" for 28 U.S.C. Section 1915(g) purposes.

The Clerk of Court is directed to dismiss this action and close the file. In addition, the Clerk of Court is directed to mail Plaintiff a court approved civil rights complaint form for his use in amending in *Sanchez v. Payes*, S.D. Cal. Civil Case No. 3:22-cv-02067-RBM-LR.

**IT IS SO ORDERED**.

Dated:  February 21, 2023

Hon. Gonzalo P. Curiel
United States District Judge